IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TYLER JORDAN #624132,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:24-cv-01429 |
| v. ) | |
| ) | Judge Trauger |
| **TENNESSEE DEPARTMENT OF** ) | Magistrate Judge Frensley |
| **CORRECTION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyler Jordan, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se, in forma pauperis complaint, alleging violations of Plaintiff's civil rights. (Doc. Nos. 1, 14).

## I. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d

1

434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

On May 22, 2024, at the Riverbend Maximum Security Institution, two inmates breached Plaintiff's cell door and attacked him. During this attack, Plaintiff was hit in the head with a metal paint roller. Plaintiff fought back, attempting to defend himself.

During the attack, an unidentified correction officer tased Plaintiff. Plaintiff fell to the ground and was tased again. Plaintiff lost consciousness. "The police" picked Plaintiff up and took him to his cell. (Doc. No. 1-1 at 3). Plaintiff was bleeding. Unidentified correction officers "slammed" Plaintiff onto his bunk and then punched him in the face and kicked him in the middle of his back, asking

Plaintiff if he wanted to be tased again. (*Id*. at 4). Plaintiff subsequently received medical attention for the injuries he sustained, including stitches.

As relief, Plaintiff seeks $1,500,000 in damages and a reduction in his sentence.

**C. Analysis**

The complaint alleges excessive force claims against one Defendant: the Tennessee Department of Correction ("TDOC").

Under the Eighth Amendment, which applies to convicted prisoners such as Plaintiff, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell,* 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The Sixth Circuit has acknowledged that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison

official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" *Cordell*, 759 F.3d at 581 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Here, however, the sole named Defendant—TDOC—is not a "person" for purposes of Section 1983 liability. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Additionally, Plaintiff's excessive force claim against TDOC is barred by sovereign immunity because TDOC is an arm of the state of Tennessee. *Owens v. O'Toole*, No, 3:14-CV-02040, 2014 WL 5845733, at *3 (M.D. Tenn. Nov. 12, 2014). Subject to two exceptions not relevant here, "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Congress has not abrogated states' immunity under Section 1983, nor has Tennessee consented to be sued. *Owens*, 2014 WL 5846733, at *3. Thus, Plaintiff's excessive force claim against TDOC under Section 1983 cannot proceed.

However, based on the allegations of the complaint, the Court finds that Plaintiff could have stated a colorable Eighth Amendment claim under Section 1983 against the correction officers who tased Plaintiff, punched him, and kicked him on May 22, 2024, had he named those individuals as Defendants and provided additional details regarding their conduct. Given Plaintiff's pro se status

4

and the seriousness of the allegations, the Court finds that it would be appropriate to permit Plaintiff to amend his complaint, if he so desires, to name those individuals and provide more details about his excessive force claims against them. *See LaFountain v. Harry*, 716 F.3d 944, 2013 WL 2221569 (6th Cir. May 22, 2013) (overruling *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), to the extent that *McGore* held that, when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend; vacating and remanding the district court's dismissal of some claims to determine whether to allow *LaFountain* to amend his complaint which was dismissed pursuant to the PLRA screening).

## II. CONCLUSION

Having conducted the screening of the complaint required by the PRLA, the Court finds that the Section 1983 claims against TDOC must be dismissed due to sovereign immunity.

However, Plaintiff may file an amended complaint no later than 30 days after the date of entry of this Memorandum Opinion and Order in which he identifies the correction officer or officers who tased, punched, and kicked him as alleged in the complaint. Any amended complaint must contain all allegations, claims, and defendants, and should not incorporate the original complaint by reference. In other words, an amended complaint will replace the original complaint.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, this case will be dismissed.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge